**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

JAMES EARL LEONARD, #1005449,

        Petitioner,

v.                                     ACTION NO. 2:11cv492

HAROLD W. CLARKE,

        Respondent.

**UNITED STATES MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

       This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia. The Court recommends denying the petition for writ of habeas corpus.

## I. STATEMENT OF THE CASE

       Petitioner James Earl Leonard was convicted of abduction on June 30, 2009, in the Circuit Court for Culpeper County and was sentenced to ten years in the Virginia penal system with four years suspended.  Petitioner filed a direct appeal to the Court of Appeals of Virginia, which was denied initially on May 10, 2010, and by a three-judge panel on June 9, 2010. *Leonard v. Com.*, Record No. 1894-09-4.  Leonard's subsequent petition for appeal to the Supreme Court of Virginia was refused on April 13, 2011. *Leonard v. Com.*, Record No. 101545.

       Leonard, proceeding *pro se*, filed the present federal habeas petition seeking relief under

28 U.S.C. § 2254 on September 1, 2011. ECF No. 1.   Leonard challenges his conviction asserting:

> (1)   his speedy trial rights were violated when the Commonwealth failed to try him within a five month period in violation of the Sixth Amendment and Virginia Code § 19.2-243 (Attach. to Pet. at 8);[1] and
>
> (2)   no rational trier of fact could have found the elements for abduction proved beyond a reasonable doubt because the evidence was inherently incredible (Attach. to Pet. at 19).

Respondent filed a Rule 5 Answer and Motion to Dismiss on October 27, 2011. ECF Nos. 7 & 8.   On November 15, 2011, Leonard filed a Motion for Enlargement of Time (ECF No. 11) in which to respond to Respondent's Motion to Dismiss. The Motion for Enlargement of Time is DENIED as MOOT, as Leonard filed his response timely on November 16, 2011. ECF No. 13. Accordingly, this matter is ripe for judicial review.

Further, Leonard filed a Motion asking the Court to enter an order "directing respondent and respondent's subordinates to cease and desist from interfering with correspondence between petitioner and his brother, Bobby J. Leonard, #1089002, pertaining to this matter." ECF No. 12. Leonard asserts several envelopes containing pages of pleadings related to this case have disappeared from the mail. *Id.*

Leonard has fully briefed his arguments, filing a petition with attachments constituting 39 pages, as well as filing a response to Respondent's Motion to Dismiss.   Leonard has not specifically indicated how Respondent has impeded his ability to pursue habeas relief. Respondent is obligated to follow the law and institution regulations without the need for a court order.   Therefore, Leonard's motion asking the Court to enter such an order is DENIED.

---

[1]   Leonard asserts his Sixth Amendment right to a speedy trial was violated in his form petition. Pet. at 6.   However, in his attachment to the petition, he argues his rights, as provided by Virginia Code § 19.2-243, were violated. Att. to Pet. at 8.   Consequently, both arguments are addressed in this Report and Recommendation.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Exhaustion and Procedural Default

Before applying for federal habeas relief pursuant to 28 U.S. C. § 2254, a petitioner must first exhaust the remedies available in state court or demonstrate the absence or ineffectiveness of such remedies. *See* 28 U.S.C. § 2254(b) (2006). "To satisfy the exhaustion requirement, a habeas petitioner must fairly present his claim to the state's highest court." *Matthew v. Evatt*, 105 F.3d 907, 911 (4th Cir. 1997). The exhaustion requirement is strictly enforced, in the interests of giving the state courts the first opportunity to consider and, if necessary, correct the alleged constitutional errors in a person's conviction and sentencing. *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998). "The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined. Oblique references which hint that a theory may be lurking in the woodwork will not turn the trick." *Mallory v. Smith,* 27 F.3d 991, 995 (4th Cir. 1994) (quoting *Martens v. Shannon*, 836 F.2d 715, 717 (1st Cir. 1988)). Exhaustion may be achieved either through direct appeal or in post-conviction proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Brown v. Allen*, 344 U.S. 443, 447 (1953)); *see also Skipper v. French*, 130 F.3d 603, 610 n.4 (4th Cir. 1997).

Leonard has not raised the portion of Ground (1) alleging a violation of his Sixth Amendment speedy trial rights before the Supreme Court of Virginia, rather Leonard relied solely on Virginia's speedy trial statute and Virginia case law in asserting his speedy trial argument before the Supreme Court of Virginia. *See Leonard v. Com.*, Record No. 101545, Corrected Pet. for App. at 25-31 (filed Sept. 17, 2010). However, "[a] claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be

3

procedurally barred under state law if the petitioner attempted to present it to the state court." *Baker v. Corcoran*, 220 F.3d 276, 288(4th Cir. 2000) (citing *Gray v. Netherland*, 518 U.S. 152, 161 (1996)).   Such is the case with the Sixth Amendment portion of Leonard's Ground (1), which is simultaneously exhausted and procedurally defaulted.

A claim is procedurally defaulted if state courts have not had the opportunity to review the claim and would now refuse to review the claim under an adequate and independent state procedural rule. *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000).   The federal court is not able to review a procedurally defaulted claim. *Fisher v. Angelone*, 163 F.3d 835, 844 (4th Cir. 1998).

Leonard's argument that he was denied his Sixth Amendment right to a speedy trial is procedurally defaulted because the claim was not raised at trial or on direct appeal, and could not now be raised in a state habeas petition. *See Slayton*, 215 Va. at 30 ("A prisoner is not entitled to use habeas corpus to circumvent the trial and appellate processes for an inquiry into an alleged non-jurisdictional defect of a judgment of conviction.").   Moreover, nowhere in his federal petition has Leonard shown the requisite cause and prejudice which this Court must find before considering the merits of a claim not first presented to the Supreme Court of Virginia. *See Wainwright v. Sykes*, 433 U.S. 72, 87-91 (1977).   Therefore, this Court recommends that the portion of Ground (1) raised pursuant to the Sixth Amendment be DENIED as procedurally defaulted.

Leonard's remaining claims are exhausted because they were presented to the Supreme Court of Virginia on direct appeal.

### B.   State Law Claim

The properly exhausted portion of Leonard's Ground (1) alleges that his right to a speedy trial, pursuant to Virginia Code § 19.2-342, was violated.   The United States Code permits a federal court to issue a writ of habeas corpus only if the state prisoner "is in custody in violation of the Constitution or law or treaties of the United States." 28 U.S.C. § 2254(a).   Moreover, "[m]atters of state law not involving federal constitutional issues are not appropriate grounds for federal habeas corpus relief." *Hailey v. Dorsey*, 580 F.2d 112, 115 (4th Cir. 1978).   Leonard raised this statutory right to a speedy trial before the trial court, the Court of Appeals of Virginia, and the Supreme Court of Virginia.   Each court held that Leonard's statutory right to a speedy trial was not violated.

This Court cannot re-examine the state court's determinations on this state-law question, as "federal habeas relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Because Leonard's claim "rests solely upon an interpretation of Virginia's case law and statutes, it is simply not cognizable on federal habeas review." *Wright v. Angelone*, 151 F.3d 151, 157 (4th Cir. 1998). Accordingly, this Court recommends that the portion of Ground (1) alleging violation of Leonard's speedy trial rights, as provided in Virginia Code § 19.2-342, be DENIED as non-cognizable in federal habeas review.

### C.   Sufficiency of the Evidence

Leonard unsuccessfully raised Ground (2), alleging the evidence was insufficient to convict him of abduction, during his trial, as well as on direct appeal to the Court of Appeals of Virginia and the Supreme Court of Virginia.   Pursuant to Title 28 of U.S.C. § 2254, a federal court may not grant relief on any claim that the Supreme Court of Virginia adjudicated on the merits

unless the Supreme Court of Virginia's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as established by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

28 U.S.C. § 2254(d)(1)-(2).

The Supreme Court has explained that this statute "plainly sought to ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." *Williams v. Taylor*, 529 U.S. 362, 386 (2000) (citing H.R. CONF. REP. NO. 104-518, at 111 (1996)). Consequently, "state-court judgments must be upheld unless, after the closest examination of the state-court judgment, a federal court is firmly convinced that a federal constitutional right has been violated." *Id.* at 389. Additionally, a rejection of a claim by the Supreme Court of Virginia is "no less an 'adjudication' of the merits of the claim and must be reviewed under the deferential provisions of § 2254(d)(1)." *Bell v. Jarvis*, 236 F.3d 149, 158 (4th Cir. 2000). As such, this Court may assess, under the same deferential standards of 28 U.S.C. § 2254, the rationale of the lower state court opinion upon which the Supreme Court of Virginia relied in rejecting petitioner's appeal. *Id.*

A state prisoner "is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 324 (1979). "Federal review of the sufficiency of the evidence to support a state conviction is not meant to consider anew . . . the guilt determination or to replace the state's system of direct appellate review." *Wilson v. Greene*, 155 F.3d 396, 405-06 (4th Cir. 1998) (*citing Wright v. West*, 505 U.S. 277, 292 (1992)).

Additionally, "a determination of a factual issue made by a State court shall be presumed to be correct.   The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).   Thus, a defendant is entitled to relief only if, based on the rebuttable presumption of the facts, "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Wilson,* 155 F.3d at 406 (*citing Jackson*, 443 U.S. at 324).

The Court of Appeals of Virginia summarized the evidence in this case as follows:

> [O]n the night of December 29, 2007 into the morning of December 30, 2007, [the victim] was home alone in bed when, around 3:00 a.m., she heard the door being unlocked.   Victim reached for her cellular phone to call 911 but was tackled by [Leonard], her estranged husband, before she was able to do so.   [Leonard] told her that this was the perfect opportunity to kill her because everyone believed that he was out of state.   Victim pleaded for her life and offered to reconcile their marriage.   During this, victim was screaming and hitting the wall in an attempt to alert her neighbors. [Leonard] told her that if the police arrived, he would kill her.
>
> [Leonard] then demanded that the victim have sexual intercourse with him.   She told him that she urinated on herself in fear and asked for permission to go to the bathroom to wash up.   [Leonard] allowed her to do so.   When she returned, [Leonard] demanded oral sex, but victim refused.   [Leonard] chastised victim for not being physically aroused and threatened to kill her.
>
> At approximately 9:00 a.m., [Leonard] used the bathroom.   While he was in the bathroom, victim ran out of her house to a male neighbor's house.   She told the male neighbor that she had a protective order against [Leonard] and that [Leonard] was in her home threatening to kill her.   Victim asked the male neighbor to call the police.
>
> The male neighbor later walked victim to the police station. During the walk, victim saw [Leonard] sitting in his car, which was parked on the side of the road, and turned around.   They then went to a female neighbor's house where victim used the phone to call [Leonard's] probation officer.   The female neighbor then took victim to a home improvement store to purchase new locks and to the police station.

7

> After this incident, [Leonard] moved back into the house and, out of fear for her safety, victim allowed him to think that they could reconcile their marriage. On the morning of January 4, 2008, however, victim and her two daughters left Culpeper for Richmond, where they stayed with one of victim's girlfriends. Victim only returned to Culpeper to appear in court.

*Leonard v. Commonwealth*, Record No. 1894-04-4, pp. 4-5 (Va. Ct. App. May 10, 2010). Following this summary of the evidence, the Court of Appeals of Virginia concluded "[t]he trial court determined that appellant's guilt as to abduction turned on the credibility of the witnesses. The trial court found that victim was very credible and appellant was not.  The trial court further found that victim was in fear of appellant and that appellant used intimidation to detain her against her will.  Specifically, the trial court found that she tried to leave but appellant prevented her from doing so." *Id.* at 5.  In the highest reasoned state court opinion,[2] the Court of Appeals of Virginia held that the evidence was sufficient to prove beyond a reasonable doubt that Leonard was guilty of abduction.

Leonard argues there was insufficient evidence to convict him of abduction, "because the only evidence was the testimony of the alleged victim which was inherently incredible as a matter of law." Pet. at 20.  Leonard is asking the Court to believe his version, as opposed to that of the victim. *Id.*  Leonard has failed to rebut the presumption of correctness afforded the state court's determination of the facts in this case by clear and convincing evidence.  Leonard has failed to prove the ruling of the Court of Appeals of Virginia, and consequently the Supreme Court of Virginia, was contrary to, or an unreasonable application of, the *Jackson* standard, or that it rests upon an unreasonable finding of facts. 443 U.S. at 324.  Accordingly, Leonard should not be

---

[2] As the Supreme Court of Virginia refused Leonard's appeal without explanation, this Court looks to the last reasoned opinion of the state court. *See Ylst v. Nunnemaker*, 501 U.S. 797 (1991); *Bush v. Legursky*, 966 F.2d 897 (4th Cir. 1992).

granted federal habeas relief with respect to Ground (2), that the evidence was not sufficient to convict him of abduction.

## III. <u>RECOMMENDATION</u>

For the foregoing reasons, the Court recommends that Leonard's petition for a writ of habeas corpus be DENIED and DISMISSED and Respondent's motion to dismiss be GRANTED. The Sixth Amendment portion of Ground (1) alleging a constitutional violation of Leonard's speedy trial rights should be DENIED because it was never adjudicated by the Supreme Court of Virginia and, therefore does not fulfill the exhaustion requirement. The portion of Ground (1) based on Virginia's statute should be DENIED because questions of state law are not cognizable on federal habeas review. Ground (2), alleging insufficient evidence of abduction, should be DENIED because the Virginia state court reasonably applied clearly established federal law, and based the decision on a reasonable determination of the facts.

Leonard has failed to demonstrate "a substantial showing of the denial of a constitutional right," therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. *See Miller-El v. Cockrell*, 537 U.S. 322 (2003).

## IV. <u>REVIEW PROCEDURE</u>

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date of mailing of this report to the objecting party, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the

Federal Rules of Civil Procedure, plus three (3) days permitted by Rule 6(d) of said rules.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2. A district judge shall make a *de novo* determination of those portions of this Report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.   *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984), *cert. denied*, 474 U.S. 1019 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir.), *cert. denied*, 467 U.S. 1208 (1984).

_____
/s/
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia
March 21, 2012

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to the following:

James Earl Leonard, #1005449
Buckingham Correctional Center
P.O. Box 430
Dillwyn, VA 23936

Karen G. Misbach, Esq.
Office of the Attorney General
900 East Main Street
Richmond, VA 23219

Fernando Galindo, Clerk

By _____

Deputy Clerk

March 22, 2012

11